IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03430

STUDENTS FOR FAIR ADMISSIONS,

    Plaintiff,

v.

UNITED STATES AIR FORCE ACADEMY, et al.,

    Defendants.

**CONSENT MOTION TO HOLD THE CASE IN ABEYANCE**

    Defendants respectfully move to hold this case in abeyance while the parties consider a recent change in the United States Air Force Academy's admissions policy, as described below. The parties require a reasonable amount of time to discuss the details of the Academy's new policy and to consider the appropriate next steps for this litigation, including whether this litigation is now moot. Defendants respectfully propose that the parties submit a status report in 60 days and, if necessary, in 60-day intervals thereafter. Defendants also respectfully propose that either party can seek to lift the abeyance at any time. The parties conferred and Plaintiff consents to this motion. A proposed order is attached.

    **1.** Following the Supreme Court's ruling in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), Students for Fair Admissions (SFFA) brought this lawsuit contending that then-applicable admissions policies of the Air Force Academy were unconstitutional to the extent they allowed consideration of applicants' race.

2. After this lawsuit was filed, President Donald J. Trump assumed office. On January 27, 2025, President Trump issued EO 14185, *Restoring America's Fighting Force*, 90 Fed. Reg. 8763, which announces that it is "the policy of [this] Administration that the Department of Defense ... and every element of the Armed Forces should operate free from any preference based on race or sex." *Id.* § 2. EO 14185 further directs the Secretary of Defense to "conduct an internal review" with respect to all "activities designed to promote a race- or sex-based preferences system," *id.* § 5, as well as a review of "the leadership, curriculum, and instructors of the United States Service Academies," *id.* § 6(c), including the Air Force Academy.

On January 29, 2025, and in furtherance of EO 14185, Secretary of Defense Peter B. Hegseth issued a memorandum prohibiting any DoD component from, among other things, "establish[ing] sex-based, race-based, or ethnicity-based goals for organizational composition, *academic admission*, or career fields." Peter B. Hegseth, *Memorandum for Senior Pentagon Leadership, Commanders of the Combatant Commands, Defense Agency and DOD Field Activity Directors re: Restoring America's Fighting Force* (emphasis added).[1]

3. On January 27, 2025, Acting Secretary of the Air Force Gary A. Ashworth issued a memorandum in compliance with Executive Order No. 14,151, "Ending Radical and Wasteful Government DEI Programs and Preferencing," 90 Fed. Reg. 8339 (Jan. 20, 2025), and directed "cessation of all Diversity, Equity, and Inclusion (DEI) considerations regarding the Department of the Air Force (DAF) officer applicant pools."

4. On February 6, 2025, the Acting Assistant Secretary of the Air Force for Manpower and Reserve Affairs Gwendolyn R. DeFilippi issued a memorandum that, among other things,

---

[1] Available at https://media.defense.gov/2025/Jan/29/2003634987/-1/-1/1/RESTORING-AMERICAS-FIGHTING-FORCE.PDF.

eliminated "quotas, objectives, and goals based on sex, race or ethnicity for organizational composition, academic admission, career fields, or class composition."

5. The Air Force Academy's change in policy bears directly on this litigation. The disputed issue in this case is whether the Air Force Academy's prior admissions policy violated the equal protection component of the Fifth Amendment to the extent it permitted any consideration of race in admissions, and if so, whether prospective equitable relief is warranted. But, in light of the developments described above, the Air Force Academy no longer permits any consideration of race, ethnicity, or sex in the admissions process.

6. The parties are continuing to discuss the details of the Air Force Academy's new policy and its effect on this litigation. In particular, the parties are continuing to discuss whether the change in policy renders this case moot.

7. Currently, Defendants' response to SFFA's complaint is due on April 16, 2025. In the view of Defendants, it is unnecessary—and in all events would be premature—to respond to a complaint concerning a now-defunct admissions policy, before the parties have had a chance to confer about intervening developments. The Air Force Academy's change in policy should either obviate any need for further litigation or, at a minimum, substantially reshape the nature of the parties' dispute and requested relief.

8. Accordingly, after consultation with counsel for SFFA, Defendants respectfully request that the Court hold this case in abeyance to permit the parties an opportunity to determine how to proceed in light of the above developments. Defendants propose an initial status report to be due in 60 days and, if necessary, additional status reports due in 60-day intervals thereafter. Such an abeyance will conserve both judicial and party resources and will promote the efficient

and orderly disposition of this case.  Defendants also respectfully request that either party may move to lift the abeyance at any time.  SFFA consents to this request.

Dated:  April 11, 2025	Respectfully submitted,

	YAAKOV M. ROTH
	Acting Assistant Attorney General

	ALEXANDER K. HAAS
	Director, Federal Programs Branch

	/s/ *Joshua E. Gardner*
	JOSHUA E. GARDNER
	 (FL Bar No. 302820)
	Special Counsel
	U.S. Department of Justice
	Civil Division, Federal Programs Branch
	1100 L Street NW
	Washington, DC 20005
	Phone: (202) 305-7583
	Email: joshua.e.gardner@usdoj.gov

4